**RECAP INVESTMENTS XI–FUND A, L.P. et al., Plaintiffs,**

v.

**McCULLOUGH HARRIS LLC, Defendant.**

**No. 10 Civ. 8612(VM).**

United States District Court, S.D. New York.

Jan. 5, 2011.

Andrew J. Melnick, Jonathan Lee Hochman, Matthew Alan Katz, Schindler Cohen & Hochman, New York, NY, for Plaintiffs.

David Mark Siegal, Haynes and Boone, LLP, New York, NY, Stanford R. Solomon, The Solomon Law Group, P.A., Tampa, FL, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs RECAP Investments XI—Fund A, L.P.; RECAP Investments XI—Fund B, L.P.; and Carlisle GP, Inc. ("Carlisle") (collectively, "Plaintiffs") brought a breach of contract action against defendant McCullough Harris LLC ("McCullough") on November 15, 2010. By letter dated January 3, 2011, Plaintiffs informed the Court that The Carlisle Apartments, L.P., of which Carlisle is the general partner, had filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code.

The Court held a telephone conference with the parties on January 4, 2011, to consider whether this litigation should be stayed pending the proceedings in the Bankruptcy Court and resolution there in the first instance of the core issues that overlap in these actions. "In this district, by standing order under 28 U.S.C. § 157(a), the district court refers all cases 'arising under,' 'arising in,' or 'related to' Title 11 proceedings to the bankruptcy court." *131 Liquidating Corp. v. LaSalle Capital Grp., Inc. (In re 131 Liquidating Corp.),* 222 B.R. 209, 211 (S.D.N.Y.1998). All parties to this action agree that it qualifies as a "core proceeding" that the Bankruptcy Court may "hear and determine." *See* 28 U.S.C. § 157(b)(1). Thus, referral to the Bankruptcy Court is "automatic[ ]." *See In re Boston Generating, LLC,* Nos. 10 Civ. 6528, 10 Civ. 7208, 10 Bankr. 14419, 2010 WL 4288171, at *3 (S.D.N.Y. Nov. 1, 2010). However, a district court may withdraw the reference to the bankruptcy court for "cause shown." 28 U.S.C. § 157(d).

McCullough urges this Court to withdraw the reference and proceed with the evidentiary hearing previously scheduled for February 9–10, 2011 on the issue of whether Plaintiffs properly removed McCullough and designated Carlisle as general partner of the underlying partnership. The Court is not persuaded that cause exists to withdraw the reference in these circumstances. There is no dispute that this action is a core proceeding, and "hearing core matters in a district court could be an inefficient allocation of judicial resources." *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993). The Court

finds no warrant for withdrawal of the reference on the Court's own motion. To open the matter to formal motion practice and briefing would likely press close to or beyond the February 9–10, 2011 dates this Court scheduled for its hearing on the dispute. That course would potentially invite intervention or comment from other interested third parties and detract from the parties' preparation for the hearing, almost certainly requiring its postponement even if the Court determined that withdrawal of the reference was appropriate. Moreover, the Court is not persuaded by McCullough's concern that proceedings in the Bankruptcy Court would be necessarily less expeditious than in this Court, especially taking into account the likelihood of delay presented by litigation over the withdrawal of the reference. Accordingly, the Court finds that the more prudent course of action would be for this proceeding to remain in Bankruptcy Court. *See, e.g., In re Fairfield Sentry Ltd.,* No. 10 Civ. 8407, 2010 WL 4910119, at *2–3 (S.D.N.Y. Nov. 22, 2010) (denying motion to withdraw the reference); *Adelphia Commc'ns Corp. v. Thomson, Inc.,* No. 10 Civ. 4464, 2010 WL 3000169, at *3–4 (S.D.N.Y. July 22, 2010) (same). For these reasons, the Court declines to withdraw the reference to the Bankruptcy Court.

Moreover, because this matter properly belongs in the Bankruptcy Court, the Court has no reason to address McCullough's request for a pre-motion conference on its proposed motion to quash subpoenas served on McCullough's counsel Stanford R. Solomon ("Solomon"), nor Plaintiffs' request for leave to file a motion to disqualify Solomon.

### *ORDER*

For the reasons stated above, it is hereby **ORDERED** that the evidentiary hearing scheduled for February 9–10, 2011, is cancelled.

**SO ORDERED.**